# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| DARIN LEE JONES,<br><br>    Plaintiff,<br><br>  v.<br><br>BLADES, Sgt D.O.C.; and MACK,<br>Co D.O.C.,<br><br>    Defendants. | Case No. 3:23-cv-00213-JMK |

## SCREENING ORDER

On September 14, 2023, self-represented prisoner Darin Lee Jones filed a civil complaint, a civil cover sheet, and an application to waive prepayment of the filing fee.[1] Plaintiff alleges Defendants violated his right to adequate medical care on March 28, 2023.[2] For relief, Plaintiff seeks damages in the amount of $2 million, punitive damages in the amount of $2 million, and an order holding Defendants accountable.[3] On January 31, 2024, Plaintiff filed a motion requesting an update on the status of his case.[4] The Court now screens Plaintiff's Complaint in accordance with 28 U.S.C. §§ 1915(e) and 1915A.

---

[1] Dockets 1–4.

[2] Docket 1 at 3.

[3] Docket 1 at 9.

[4] Docket 6.

Although the scope of review generally is limited to the contents of the complaint, the Court may also consider documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice.[5] During screening, the Court is not required "to wade through exhibits to determine whether cognizable claims have been stated."[6] However, exhibits that contradict the allegations of a complaint may fatally undermine the complaint's allegations.[7] As explained further below, Plaintiff's Complaint does not contain sufficient plausible facts to meet the requirements of Rule 8 of the Federal Rules of Civil Procedure for a civil rights action under 42 U.S.C. § 1983 ("Section 1983"). Therefore, the Court must dismiss the Complaint. However, the Court grants Plaintiff leave to file an amended complaint in accordance with the guidance contained in this order.

## SCREENING STANDARD

Under the Prison Litigation Reform Act, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or

---

[5] *United States v. Ritchie,* 342 F.3d 903, 908 (9th Cir. 2003).

[6] *Woodrow v. Cty. of Merced*, No. 1:13-cv-01505-AWI, 2015 WL 164427, at *4 (E.D. Cal. 2015).

[7] *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001), *amended by* 275 F.3d 1187 (2001) (noting that a plaintiff can "plead himself out of a claim by including ... details contrary to his claims").

Case No. 3:23-cv-00213-JMK, *Jones v. Blades, et al.*
Screening Order
Page 2 of 17
Case 3:23-cv-00213-JMK   Document 7   Filed 02/08/24   Page 2 of 17

officer or employee of a governmental entity.[8] In this screening, a court shall dismiss the case at any time if the court determines that the action:

    (i)    is frivolous or malicious;

    (ii)    fails to state a claim on which relief may be granted; or

    (iii)    seeks monetary relief against a defendant who is immune from such relief.[9]

Before a court may dismiss any portion of a complaint, a court must provide a plaintiff with a statement of the deficiencies in the complaint and an opportunity to amend or otherwise address the problems, unless to do so would be futile.[10] Futility exists when "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."[11]

## DISCUSSION

Plaintiff alleges Defendants violated his right to adequate medical care when Defendant Sergeant Blades told Defendant Correctional Officer Mack to "put [him] … in the hole for no reason."[12] Plaintiff claims he is prone to infections, and he alleges an infection in his leg was made worse due to the unsanitary condition of

---

[8] 28 U.S.C. §§ 1915, 1915A.

[9] 28 U.S.C. § 1915(e)(2)(B).

[10] See Gordon v. City of Oakland, 627 F.3d 1092, 1094 (9th Cir. 2010) (citing Albrecht v. Lund, 845 F.2d 193, 195 (9th Cir. 1988)).

[11] See Schreiber Distributing Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986).

[12] Docket 1 at 3.

Case No. 3:23-cv-00213-JMK, Jones v. Blades, et al.
Screening Order
Page 3 of 17
Case 3:23-cv-00213-JMK   Document 7   Filed 02/08/24   Page 3 of 17

the cell. He claims that although there were multiple alternative cells available, Plaintiff was put into the "ADA cell,"[13] which had smeared feces "all over the bed" from the previous occupant.[14] Plaintiff claims he was subsequently hospitalized for seven days and had three surgeries.[15] In the attached documents, Plaintiff includes a narrative describing his previous knee replacement, infections, and allegations against Doctor Lawrence and Doctor Holgram,[16] and an unknown female "Dr. Lady."[17] The Court takes judicial notice of *Jones v. Department of Corrections, et al.,* Case No. 3:23-cv-00198-SLG-KFR, alleging inadequate medical care against Doctors Lawrence and Holgram.[18] In both cases, Plaintiff describes a knee surgery in 2020 followed by infections and subsequent surgeries. In this case, Plaintiff claims Defendants "were very aware" of the infection he had in his leg when they placed him in the cell.[19] It is unclear from the filings which, if any, surgeries Plaintiff had after the alleged incident March 28, 2023, or what injury

---

[13] Docket 1-1.

[14] Docket 1 at 3, Docket 1-1.

[15] *Id.*

[16] The last name of this doctor is spelled in various ways throughout the filings—Holgram, Hallgram, Hallgum, etc. To maintain consistency and coherence, the Court uses Dr. Holgram to refer to this individual.

[17] Docket 1-1 at 3.

[18] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." Black's Law Dictionary (11th ed. 2019). A court can take judicial notice of its own files and records. Fed. R. Evid. 201.

[19] Docket 1-1 at 1.

Case No. 3:23-cv-00213-JMK, *Jones v. Blades, et al.*
Screening Order
Page 4 of 17
Case 3:23-cv-00213-JMK   Document 7   Filed 02/08/24   Page 4 of 17

Plaintiff claims occurred as a result. As explained further below, Plaintiff has not pleaded sufficient facts that, if proven, would state a plausible inadequate medical care claim.

I. **Requirements to State a Claim**

To determine whether a complaint states a valid claim for relief, courts consider whether the complaint contains sufficient factual matter that, if accepted as true, "state[s] a claim to relief that is plausible on its face."[20] Rule 8 of the Federal Rules of Civil Procedure instructs that a complaint must contain a "short and plain statement of the claim showing that the [complainant] is entitled to relief[.]"[21] While a complaint need not, and should not, contain every factual detail, "unadorned, the defendant-unlawfully-harmed-me accusation[s]" are insufficient to state a claim.[22] A complaint is insufficiently plead if it offers "naked assertions devoid of further factual enhancement."[23] In conducting its screening review, a court must liberally construe a self-represented plaintiff's pleading and give the plaintiff the benefit of the doubt.[24]

---

[20] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In making this determination, a court may consider "materials that are submitted with and attached to the Complaint." *United States v. Corinthian Colleges*, 655 F.3d 984, 999 (9th Cir. 2011) (citing *Lee v. L.A.*, 250 F.3d 668, 688 (9th Cir. 2001)).

[21] Fed. R. Civ. P. 8(a)(2).

[22] *Id.*

[23] *Id.* (internal citations and quotations omitted).

[24] *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc)).

Case No. 3:23-cv-00213-JMK, *Jones v. Blades, et al.*
Screening Order
Page 5 of 17
Case 3:23-cv-00213-JMK   Document 7   Filed 02/08/24   Page 5 of 17

## II. Civil Rights Claims under 42 U.S.C. § 1983 ("Section 1983")

To state a claim for relief under Section 1983, a plaintiff must allege plausible facts that, if proven, would establish (1) the defendant acting under color of state law (2) deprived the plaintiff of rights secured by the federal Constitution or federal statutes.[25] A defendant in a civil rights lawsuit must be a "person."[26] A person acting under the color of state law "'subjects another to the deprivation of a constitutional right, within the meaning of Section 1983, if the person does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."[27] A plaintiff must allege that he or she suffered a specific injury as a result of the conduct of a particular defendant, and the plaintiff must allege an affirmative link between the injury and the conduct of that defendant.[28]

### A. Inadequate medical care

In order to state a claim for violations involving medical care, an inmate must allege plausible facts that, if proven, would establish that a defendant has been deliberately indifferent to a serious medical need.[29] A serious medical need is an

---

[25] *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986).

[26] 42 U.S.C. § 1983.

[27] *Johnson v. Duffy,* 588 F.2d 740, 743 (9th Cir. 1978).

[28] *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976).

[29] *Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014).

Case No. 3:23-cv-00213-JMK, *Jones v. Blades, et al.*
Screening Order
Page 6 of 17
Case 3:23-cv-00213-JMK   Document 7   Filed 02/08/24   Page 6 of 17

objective standard and may be found if the "failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain."[30] Indicators of a serious medical need include: "an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain."[31]

As explained further below, "claims for violations of the right to adequate medical care brought by pretrial detainees against individual defendants under the Fourteenth Amendment must be evaluated under an objective deliberate indifference standard."[32] Whereas, once convicted, a prisoner[33] may only bring a claim for inadequate medical care under the Eighth Amendment's Cruel and

---

[30] *Peralta v. Dillard,* 744 F.3d 1076, 1081 (9th Cir. 2014) (en banc) (citations and further internal quotation marks omitted).

[31] *Colwell v. Bannister*, 763 F.3d at 1066 (9th Cir. 2014) (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059–60 (9th Cir. 1992), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997).

[32] *Gordon v. Cnty. Of Orange,* 888 F.3d 1118, 1124 (9th Cir. 2018) ("[M]edical care claims brought by pretrial detainees also 'arise under the Fourteenth Amendment's Due Process Clause, rather than under the Eighth Amendment's Cruel and Unusual Punishment Clause'") (quoting *Castro v. Cnty. of Los Angeles,* 833 F.3d 1060, 1069–70 (9th Cir. 2016)).  *See also Bell v. Wolfish*, 441 U.S. 520, 535 (1979) ("[U]nder the Due Process Clause, a detainee may not be punished prior to an adjudication of guilt in accordance with due process of law.").

[33] *Norbert v. City & Cnty. of San Francisco,* 10 F.4th 918, 927 (9th Cir. 2021) (a pretrial detainee becomes a prisoner once they are convicted).

Case No. 3:23-cv-00213-JMK, *Jones v. Blades, et al.*
Screening Order
Page 7 of 17
Case 3:23-cv-00213-JMK   Document 7   Filed 02/08/24   Page 7 of 17

Unusual Punishments Clause and must satisfy both an objective and subjective deliberate indifference standard.[34]

### 1. Pretrial detainee medical care claim under the Fourteenth Amendment

To state a medical care claim under the Fourteenth Amendment, a pretrial detainee must plausibly allege facts that, if proven, would establish each of the following four elements:

(1) the defendant made an intentional decision with respect to the denial of needed medical care;

(2) the denial of needed medical care put the plaintiff at substantial risk of suffering serious harm;

(3) the defendant did not take reasonable available measures to abate or reduce the risk of serious harm, even though a reasonable state actor under the circumstances would have understood the high degree of risk involved—making the consequences of the defendant's conduct obvious; and

---

[34] *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (citing *Hudson v. Palmer*, 468 U.S. 517, 526–27 (1984)).

Case No. 3:23-cv-00213-JMK, *Jones v. Blades, et al.*
Screening Order
Page 8 of 17
Case 3:23-cv-00213-JMK   Document 7   Filed 02/08/24   Page 8 of 17

(4) by not taking such measures, the defendant caused the plaintiff's injuries.[35]

With respect to the third element, the defendant's conduct must be objectively unreasonable. A mere lack of due care by a state official does not violate the Fourteenth Amendment. In other words, the pretrial detainee must "prove more than negligence but less than subjective intent—something akin to reckless disregard."[36] This differs from the inquiry under the Eighth Amendment which requires that the "prison official must *subjectively* have a sufficiently culpable state of mind."[37]

### 2. Convicted prisoner medical care claim under the Eighth Amendment

To state a medical care claim under the Eighth Amendment, a convicted prisoner must plausibly allege facts that, if proven, would establish each of the following three elements:

(1) the plaintiff faced a serious medical need;

(2) the defendant was deliberately indifferent to that medical need, that is, the defendant knew of that medical need and

---

[35] *Gordon v. Cty. of Orange*, 888 F.3d 1118, 1124–35 (9th Cir. 2018).

[36] *Id.* at 1125 (quoting *Castro v. Cnty. of Los Angeles,* 833 F.3d 1060, 1071 (9th Cir. 2016)).

[37] *Id.* at 1125 n.4 (citations omitted).

Case No. 3:23-cv-00213-JMK, *Jones v. Blades, et al.*
Screening Order
Page 9 of 17
Case 3:23-cv-00213-JMK   Document 7   Filed 02/08/24   Page 9 of 17

disregarded it by failing to take reasonable measures to address it; and

(3) the defendant's failure to act caused harm to the plaintiff.

"Deliberate indifference is a high legal standard. A showing of medical malpractice or negligence is insufficient to establish a constitutional deprivation."[38] Further, a difference of medical opinion or as to two alternative courses of medically acceptable treatment is insufficient to establish deliberate indifference.[39] "[T]o show deliberate indifference, a plaintiff must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that the defendants chose this course in conscious disregard of an excessive risk to the plaintiff's health."[40] Delay of, or interference with, medical treatment can also amount to deliberate indifference.[41] When the prisoner is alleging that delay

---

[38] *Id.* (internal quotation marks and citation omitted).

[39] *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir.), *cert. denied*, 519 U.S. 1029 (1996) (citing *Estelle*, 429 U.S. at 107–08). *See also Simmons v. G. Arnett*, No. 20-55043, 2022 WL 3906207, at *5 (9th Cir. 2022) ("[A]n inadvertent failure to provide adequate medical care, differences of opinion in medical treatment, and harmless delays in treatment are not enough to sustain an Eighth Amendment claim.").

[40] *Hamby v. Hammond*, 821 F.3d 1085, 1092 (9th Cir. 2016) (internal quotation marks and citation omitted).

[41] *See Jett*, 439 F.3d at 1096; *Clement*, 298 F.3d at 905; *Hallett*, 296 F.3d at 744; *Lopez*, 203 F.3d at 1131; *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988).

Case No. 3:23-cv-00213-JMK, *Jones v. Blades, et al.*
Screening Order
Page 10 of 17
Case 3:23-cv-00213-JMK   Document 7   Filed 02/08/24   Page 10 of 17

of medical treatment evinces deliberate indifference, however, the prisoner must show that the delay led to further injury.[42]

### 3. Plaintiff's claims of inadequate medical care

It is unclear if Plaintiff was sentenced at the time of the alleged incident, so the Court is unable to determine whether his claim(s) should be analyzed under the Eighth or the Fourteenth Amendment. Further, the surgeries and infections appear to have occurred before the incident. So, the Court cannot discern what, if any, harm Plaintiff claims he suffered because of Defendant's conduct. Plaintiff has not provided specific dates or instances in which he was denied medical care, what specific ongoing injuries he alleges, what medical care he believes he needs, and any specific defendant's role in denying him care. In addition, in order to sufficiently plead an individual capacity claim against a supervisor under Section 1983, a plaintiff must allege "personal involvement in the constitutional deprivation, or ... a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation."[43]

### B. Challenging a Disciplinary Action

Plaintiff does not make allegations or provide supporting documents that demonstrate Plaintiff's rights were violated when he was placed in "the hole."

---

[42] *See Hallett*, 296 F.3d at 745–46; *Shapley v. Nev. Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985) (per curiam).

[43] *Keates v. Koile*, 883 F.3d 1228, 1242–43 (9th Cir. 2018) (quoting *Starr v. Baca,* 652 F.3d 1202, 1207 (9th Cir. 2011) (internal quotation marks omitted)).

Case No. 3:23-cv-00213-JMK, *Jones v. Blades, et al.*
Screening Order
Page 11 of 17
Case 3:23-cv-00213-JMK   Document 7   Filed 02/08/24   Page 11 of 17

However, to the extent Plaintiff seeks to challenge a disciplinary action, the Court questions the viability of its jurisdiction over such allegations. Alaska Department of Corrections Policy and Procedure 809.04(III)(H) governs the process after a prisoner appeals a disciplinary decision, which states "The Superintendent's decision, other than for major infractions, is final and the prisoner has 30 days in which to appeal the decision to the Superior Court." Accordingly, Plaintiff's proper process to explore his allegations is not with the U.S. District Court for the District of Alaska, but rather with the Alaska Superior Court.

### Plaintiff's Motion at Docket 6

The Court acts to resolve all pending cases in the most efficient manner possible. A federal district court is a trial court simultaneously addressing a volume and variety of cases of varying priorities; and a part of the Court's responsibility is "to see that [its] resources are allocated in a way that promotes the interests of justice."[44] Accordingly, the Court cannot issue orders and rulings purely on the best timeline for a litigant. Until a Screening Order has been issued, the Court discourages the filing of any motions or additional documents with the Court. Nonetheless, the Court has now screened Plaintiff's filings and issued this order. Therefore, Plaintiff's motion is DENIED as moot.

---

[44] *In re McDonald,* 489 U.S. 180, 184 (1989) (per curiam). *See also O'Loughlin v. Doe,* 920 F.2d 614, 618 (9th Cir. 1990) ("[f]lagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants.").

Case No. 3:23-cv-00213-JMK, *Jones v. Blades, et al.*
Screening Order
Page 12 of 17
Case 3:23-cv-00213-JMK   Document 7   Filed 02/08/24   Page 12 of 17

## CONCLUSION

Plaintiff is accorded 30 days from the date of this order to file second amended complaint. An amended complaint replaces the prior complaint in its entirety.[45] Any claim not included in the amended complaint will be considered waived. However, an amended complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief."[46] An amended complaint need not contain legal research or analysis, but it must contain sufficient facts that state a plausible claim for relief. A claim is "plausible" when the facts alleged support a reasonable inference that the plaintiff is entitled to relief from a specific defendant for specific misconduct. An amended complaint should not contain a narrative and it need not contain or have attached to it medical records or other documentation.

Although Plaintiff has been given the opportunity to file an amended complaint, he shall not unjustifiably expand the scope of the case by alleging new unrelated claims.[47] An amended complaint may not include any claims or defendants for which Plaintiff lacks a sufficient legal or factual basis. An amended complaint must set out each claim for relief separately. Each claim should identify (1) the specific injury that the plaintiff is alleging has occurred, (2) when that injury

---

[45] *See* Fed. R. Civ. P. 15; Local Civil Rule 15.1.

[46] Fed. R. Civ. P. 8(a)(2).

[47] *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Case No. 3:23-cv-00213-JMK, *Jones v. Blades, et al.*
Screening Order
Page 13 of 17
Case 3:23-cv-00213-JMK   Document 7   Filed 02/08/24   Page 13 of 17

occurred, (3) where that injury was caused, and (4) who the plaintiff is alleging caused that specific injury.

**IT IS THEREFORE ORDERED:**

1. Plaintiff's Complaint at **Docket 1 is DISMISSED** for failing to state a to state a claim upon which relief could be granted. The Court grants Plaintiff leave to file an amended complaint in accordance with the guidance provided in this order.

2. Plaintiff's motion for a status update at **Docket 6 is DENIED as moot**.

3. Plaintiff is accorded **30 days** from the date of this order to file **one of the following:**

    a. <u>First Amended Complaint</u>, in which Plaintiff restates the claims to address the deficiencies identified in this order. An amended complaint should be on the Court's form, which is being provided to Plaintiff with this order; **OR**

    b. <u>Notice of Voluntary Dismissal</u>, in which Plaintiff elects to close and end the case.

4. If Plaintiff does not file either an Amended Complaint or Notice of Voluntary Dismissal on the Court form**,** the case may be dismissed under 28 U.S.C. § 1915(e)(2)(B) without further notice to Plaintiff. The dismissal would count as a "strike" under 28 U.S.C. § 1915(g).[48] Prisoners who receive three or

---

[48] A voluntary dismissal does not count as a "strike" under 28 U.S.C. § 1915(g). *See also Harris v. Mangum*, 863 F.3d 1133, 1143 (9th Cir. 2017) (holding that a dismissal counts

Case No. 3:23-cv-00213-JMK, *Jones v. Blades, et al.*
Screening Order
Page 14 of 17
Case 3:23-cv-00213-JMK    Document 7    Filed 02/08/24    Page 14 of 17

more strikes cannot bring any other actions without prepaying the full filing fee unless the prisoner can demonstrate that he or she is in "imminent danger of serious physical injury."[49]

5. Plaintiff's application to waive prepayment of the filing fee at **Docket 3 is GRANTED.**

6. Plaintiff is advised federal law only allows prisoners to waive *prepayment* of the fees associated with civil lawsuits. Prisoners must pay the filing fee incrementally until paid in full, regardless of the outcome of the action.[50] Should Plaintiff proceed with this lawsuit and sufficiently plead a claim for relief in an amended complaint, the Court will issue a separate order on the collection of the filing fee.

7. If Plaintiff is released while this case remains pending and the filing fee has not been paid in full, Plaintiff must, within 30 days of his release, either (1) pay the unpaid balance of his filing fee or (2) file a Non-Prisoner Application to Waive the Filing Fee (Form PS11).[51] Failure to comply may result in dismissal of this action.

---

as a strike when the district court dismisses a complaint for a failure to state a claim, grants leave to amend, and the plaintiff fails to amend the complaint).

[49] 28 U.S.C. § 1915(g). *See also Andrews v. Cervantes*, 493 F.3d 1047, 1051–52 (9th Cir. 2007) (addressing imminent danger exception for the first time in the Ninth Circuit).

[50] 28 U.S.C. § 1915(b)(1)&(2).

[51] The Court's template forms are available upon request from the Clerk's office and on the Court's website at https://www.akd.uscourts.gov/forms.

Case No. 3:23-cv-00213-JMK, *Jones v. Blades, et al.*
Screening Order
Page 15 of 17
Case 3:23-cv-00213-JMK   Document 7   Filed 02/08/24   Page 15 of 17

8. Self-represented litigants are expected to review and comply with the Federal Rules of Civil Procedure, the Local Civil Rules, and all Court orders.[52] Failure to do so may result in the imposition of sanctions authorized by law, including dismissal of the action.

9. Self-represented litigants must be ready to diligently pursue each case to completion. Missing a deadline or otherwise failing to pursue a case may result in the dismissal of the action.

10. At all times, all parties shall keep the Court informed of any change of address or phone number. Such notice shall be titled "Notice of Change of Address." The Notice shall contain only information about the change of address, and its effective date.[53] The Notice shall not include requests for any other relief. A Notice of Change of Address form, PS23, may be obtained from the Clerk of Court, if needed. If a plaintiff fails to keep a current address on file with the Court, that may result in a dismissal of the case without further notice to Plaintiff.

11. With this order, the Clerk is directed to send: (1) form PS01, with "FIRST AMENDED" written above the title "Prisoner's Complaint Under the Civil

---

[52] Federal Rules of Civil Procedure: https://www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure; Court's Local Rules: https://www.akd.uscourts.gov/court-info/local-rules-and-orders/local-rules.

[53] *See* Local Civil Rule 11.1(b) (requiring a notice of change of address to be filed, as "[s]elf-represented parties must keep the court and other parties advised of the party's current address and telephone number.").

Case No. 3:23-cv-00213-JMK, *Jones v. Blades, et al.*
Screening Order
Page 16 of 17
Case 3:23-cv-00213-JMK   Document 7   Filed 02/08/24   Page 16 of 17

Rights Act 42 U.S.C. § 1983"; (2) form PS09, Notice of Voluntary Dismissal; and (3) form PS23, Notice of Change of Address.

DATED this 8th day of February, 2024, at Anchorage, Alaska.

*/s/ Joshua M. Kindred*
JOSHUA M. KINDRED
UNITED STATES DISTRICT JUDGE

Case No. 3:23-cv-00213-JMK, *Jones v. Blades, et al.*
Screening Order
Page 17 of 17
Case 3:23-cv-00213-JMK   Document 7   Filed 02/08/24   Page 17 of 17